**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Gilberto Arturo DIAZ–MARTINEZ,**
**Defendant—Appellant.**

No. 05–50525.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 28, 2006.

Becky S. Walker, Esq., Office of the U.S. Attorney, Los Angeles, CA, Robert Gannon, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Davina T. Chen, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Gilberto Arturo Diaz–Martinez appeals from the 42–month prison sentence imposed following his guilty-plea conviction for one count of illegal re-entry into the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Diaz–Martinez contends that the district court's imposition of a supervised release condition that requires him to report to his probation officer within 72 hours of re-entry into the United States violates the Fifth Amendment. His contention is foreclosed. *See United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 772–73 (9th Cir.2006) (holding that the imposition of this supervised release condition does not violate the Fifth Amendment privilege against self-incrimination because the reporting requirement did not compel an admission of criminal activity).

Diaz–Martinez next contends that his sentence is unconstitutional because the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

enhancement he received for a prior conviction pursuant to § 1326(b) was not based on jury fact-finding. This contention is also foreclosed. *See United States v. Weiland,* 420 F.3d 1062, 1080 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), even though it has been called into question, unless it is explicitly overruled by the Supreme Court).

**AFFIRMED.**